IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-177-FL

| | |
|---|---|
| CHARLES CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE # 30, 34). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB") on November 16, 2007, alleging a disability onset date of May 1, 2007. His claim was initially denied and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ"), and on February 25, 2010, the ALJ issued decision denying plaintiff's request

for benefits. On October 6, 2010, the Appeals Council ("AC") denied plaintiff's request for review. Plaintiff filed complaint in this court for review of the final administrative decision.

A detailed summary of the history of the case is found in the M&R. (See M&R 4-15.) Plaintiff lodges various objections to the M&R, some of which are factual. The factual objections point out facts not included in the magistrate judge's summary, the omission of which plaintiff contends equates to a disregard of the fact not mentioned. The magistrate judge's recitation of the facts is a summary, not an exhaustive list of the entire record. The court will not belabor the parties with a lengthy recitation of all the facts, but rather incorporates by reference both the facts in the M&R as well as the facts specifically pointed out by plaintiff in his objections. (Pl.'s Obj. 1-8.).

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales. 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and

the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 1, 2007. At step two, the ALJ found that plaintiff suffered from various impairments, however, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with certain exceptions. The ALJ then determined that plaintiff could not perform his past relevant work, but based on the testimony of a vocational expert ("VE"), jobs exist in the national economy that plaintiff can perform. The ALJ determined that plaintiff was not under

3

a disability at any time through the date of her decision.

The Social Security Act explicitly permits the federal court to remand a case to the Social Security Administration "at any time" for a new administrative determination, if there is new evidence for the agency to consider. 42 U.S.C. § 405(g). The claimant may submit new evidence at any stage of the administrative procedure. See 20 C.F.R. §§ 404.970(b), 416.1470(b). Any new evidence submitted once the case was filed for district court review will trigger a remand provided that the new evidence meets the criteria set out in Miller v. Barnhardt, 64 F. App'x 858, 859 (4th Cir. 2003). In order to merit a remand, the new evidence must meet the following criteria: (1) it must be new, and not cumulative of what is already in the record; (2) it must be material, i.e., relevant, probative, and likely to change the outcome of the case; (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record, and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court. See id.; Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991).

B.  Analysis

    1.  Substantial Evidence

The majority of plaintiff's objections present themselves as facts from the record that plaintiff contends were not considered by the magistrate judge because a particular fact may not have been mentioned in the overview of the facts in the M&R. The court has reviewed the numerous factual objections raised in this manner by plaintiff and finds that they essentially ask the court to re-weigh evidence and second-guess the ALJ's consideration of the facts in the record. The court reminds that "[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of

the Secretary." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig, 76 F.3d at 589). The court's review, rather, is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997). Under this standard, the court agrees with the magistrate judge that the ALJ appropriately and thoroughly considered the facts in the record. Simply pointing out various facts that plaintiff contends support a different conclusion from the ALJ's despite the fact that the ALJ's determinations are supported by substantial evidence in the record, asks the court re-weigh the evidence, which is not the court's role.[1]

2. Remand Based on New Evidence

Issues relating to evidence not available to the ALJ are the source of various objections. First at issue are records submitted after the AC denied review. These records include evidence from Carolina Regional Orthopedics (dated January 3, 2010, to March 1, 2010) and from the Center for Scoliosis and Spinal Surgery (dated March 20, 2009, to January 25, 2010).[2] Plaintiff contends that remand is appropriate based on new and material evidence. Defendant's response did not address this particular objection.

---

[1] Interspersed within plaintiff's numerous general objections regarding how the ALJ weighed the evidence are objections that the ALJ failed to note that particular medical visits were with consultative examiners instead of treating physicians, and therefore should be afforded less weight than a treating physician. (Pl.'s Obj. ¶¶ 5, 12). Fourth circuit precedent does not require that a treating physician's testimony be given controlling weight, and a treating physician's opinion is entitled to controlling weight only if it is supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with the other evidence. Craig, 76 F.3d at 590. Additionally, there is no requirement, and plaintiff cites no authority to the contrary, that the ALJ specifically denote in her findings whether a physician is a consultative physician or treating physician. In any event, a close review of the ALJ's findings reveals that she did not specifically weigh Dr. Carraway's and Dr. Kumar's findings as deserving of more weight than plaintiff's treating physicians. Rather, Dr. Carraway's and Dr. Kumar's findings were two of many medical opinions the ALJ considered that were consistent with the substantial evidence in the record regarding plaintiff's mental health and physical abilities.

[2] Plaintiff's objections note that the evidence was submitted electronically post-hearing and pre-ALJ decision, but was not considered by the ALJ "[d]ue to a failure of the new electronic system" and also was not considered by the AC (Pl.'s Obj. ¶ 26.) However, the record does not reflect that plaintiff submitted these particular medical records for AC review. (See R. 25.) Contrarily, it appears these records were submitted after AC review, and were entered into the record pursuant to the court's order, lodged on the docket at entry 26. Regardless, this procedural posture does not change the court's analysis as set forth above.

5

Any new evidence submitted once the case was filed for district court review will trigger a remand provided that the new evidence meets the criteria set out in Miller, 64 F. App'x at 859. To merit a remand, the new evidence must meet the following criteria: (1) it must be new, and not cumulative of what is already in the record; (2) it must be material, i.e., relevant, probative, and likely to change the outcome of the case; and (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record, and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court. See id.

Plaintiff fails to satisfy the requirements for remand and offers no support for remand under Miller beyond a conculsory statement that remand is necessary on account of new and material evidence. First, the evidence of plaintiff's August 2009 back surgery is not new. While the ALJ inexplicably did not have the benefit of the materials from Carolina Regional Orthopedics and the Center for Scoliosis and Spinal Surgery, the implication of these records is that plaintiff had back surgery in August 2009. Other records considered by the ALJ, namely exhibit 28F (records from Freedom Hill Community Health Center from May 2009) referenced the same surgery. (See R. 37).[3] Additional records describing this surgery are not new, as plaintiff contends, but are cumulative, and therefore do not merit remand. Additionally, the court notes that aside from a suggestion that the electronic filing program malfunctioned, plaintiff offers no good cause for failure to submit the records to the ALJ or the AC for consideration. The court notes that some additional records were supplied to the AC that mentioned the 2009 back surgery (see R. 491). Where these records appear cumulative for the same reasons noted above, no error is found in the AC's failure to make specific findings regarding the same. Fourth Circuit precedent is clear that if the AC, upon consideration of

---

[3] The court notes that the ALJ was mistaken that plaintiff did not receive further treatment at Carolina Orthopaedics. However, the mis-characterization does not alter the fact that the ALJ considered the records from Freedom Hill Community Health Center, which suggest that plaintiff was improving and had a normal back exam after his surgery. (R. 466.)

6

Case 4:10-cv-00177-FL Document 39 Filed 12/29/11 Page 6 of 11

new evidence submitted to it, finds an ALJ's action, findings, or conclusions, not contrary to the weight of the evidence, the AC can simply deny a request for review and need not make any specific findings of fact when it denies such request. See Meyer v. Astrue, __ F.3d __, 2011 WL 6008976 at *4-5 (4th Cir. 2011).

Another issue regarding new evidence is the consideration of the letter from Dr. Patel stating that plaintiff cannot work, dated December 3, 2008. Plaintiff contends that the ALJ did not "*mention, weigh or consider* Dr. Patel's letter," and that it is impossible that the ALJ's conclusions were supported by substantial evidence. (Pl.'s Obj. ¶ 29) (emphasis in original). However, the record shows that the ALJ did not have Dr. Patel's letter available to her when making her findings, and that it was not submitted until the AC reviewed the ALJ's decision. (See R. 26, 42-47) (revealing that the letter from Dr. Patel was submitted as additional evidence submitted to the AC for its review). Plaintiff does not contend that Dr. Patel's letter is new evidence warranting remand, but rather contends that the ALJ's failure to consider it undermines the ALJ's findings. This argument is without merit, as the ALJ cannot be faulted for not considering evidence that the plaintiff failed to provide.

Furthermore, plaintiff offers no explanation for the failure to provide the letter for the ALJ's review. The Appeals Council must consider evidence submitted with a request for review if the evidence is new, material, and relates to the period on or before the date of the ALJ's decision. Bishop v. Barnhardt, 78 F. App'x 265, 269 (4th Cir. 2003) (citing Wilkins, 953 F.2d at 96). Evidence is not new if it could have been submitted to the ALJ for decision and the plaintiff provides no reason to show cause why he or she failed to submit the evidence to the ALJ on time. Bishop,

7

78 F. App'x at 269.[4]

Accordingly, there is no basis upon which remand is appropriate under 42 U.S.C. § 405(g) for new and material evidence. Plaintiff's objections regarding the same are overruled.

3. Plaintiff's Credibility

Plaintiff objects to the ALJ's findings regarding his credibility, specifically his subjective descriptions of pain. Plaintiff contends that the ALJ's findings of credibility were based solely on lack of substantiation by objective evidence of the record, contrary to law. Plaintiff's objections essentially suggest that plaintiff may rely on his subjective descriptions of pain to prove his functional limitations. Plaintiff cites Hines v. Barnhardt, 453 F.3d 559, 565 n.3 (4th Cir. 2006) to support his argument, however, his reliance on Hines is misplaced. As defendant points out in its response, Hines does not stand for the proposition that a claimant may rest solely on his subjective descriptions of pain when objective evidence in the record does not support such descriptions.

> While objective evidence is not mandatory at the second step of the test, [t]his is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

---

[4] Additionally, Dr. Patel's letter would not meet the criteria for new evidence because it is not material; it is not likely to change the outcome of the case. Dr. Patel's conclusory statement that plaintiff is unable to work is not supported by the evidence of record. The court makes particular reference to the numerous examples in the record where plaintiff exhibited objective symptoms that would enable him to perform light work such as a normal gait or ability to ambulate. (See, e.g., R. 232, 467, 506, 507, 519, 520.) Though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Additionally, a conclusory statement that a claimant is unable to work is a legal conclusion, not a medical conclusion, and is not assigned any special weight. See Morgan v. Barnhardt, 142 F. App'x 716, 722 (4th Cir. 2005). Dr. Patel's letter is inconsistent with the objective medical evidence showing plaintiff's pain and physical abilities. Additionally, the opinion of disability is reserved for the Commissioner. Therefore, the 2008 letter is not material.

8

Hines, 453 F.3d at 565 n.3. "Therefore, claimants are not automatically entitled to rely exclusively on subjective evidence to show they are unable to perform work eight hours per day, five days per week." Farrior v. Astrue, 2011 WL 3157173, at *8 (E.D.N.C. 2011) (citing Hines and noting that where claimant is not suffering from a disease like sickle cell anemia that rarely produces objective medical evidence, the ALJ is permitted to evaluate subjective allegations of pain in conjunction with the objective medical evidence and other evidence of record).

Here, the ALJ found that claimant had a medically determinable impairment reasonably capable of causing plaintiff's subjective symptoms, but concluded that the objective medical evidence does not "document factors indicative of pain of the intense, protracted, and disabling nature which the claimant alleges." (R. 37.) Specifically, the ALJ listed factors which would be indicative of the pain as plaintiff described it but are absent from the record, such as "persistent and significant weight loss, muscle wasting, muscle atrophy or weakness, significant limitation of motion, neurological deficit or other objective, observable findings often associated with pain of the intense nature" described by plaintiff. (Id.) Considering the record as a whole, including the evidence showing that plaintiff had full range of motion in his hips, cervical, and lumbar spine, and that his back examination was essentially normal (R. 232, 466), as well as additional medical evidence submitted showing that in February and March 2010 he was ambulating without an assistive device and his mood was pleasant (R. 498, 500), the court finds no reason to call into question the ALJ's determination regarding plaintiff's credibility. See Morris v. Astrue, 2010 WL 838862 at *3 (W.D.Va. 2010) (noting that the ALJ is not required to "defer blindly" to the plaintiff's testimony about the level of impairment caused by his pain once the plaintiff has established objective evidence of an underlying medical impairment). Accordingly, plaintiff's objection to the M&R regarding his credibility is overruled.

9

4. Vocational Expert

Lastly, plaintiff objects to the magistrate judge's determination that the ALJ properly assessed plaintiff's RFC and presented a proper hypothetical to the VE. Specifically, plaintiff contends that the ALJ and VE did not address plaintiff's need to lie down after any period of walking or standing greater than thirty (30) minutes.

The ALJ specifically noted in her findings that plaintiff testified at the administrative hearing that he "can sit or stand for no more than 30 minutes at a time without having pain" and that plaintiff "lies down about 30 minutes to one hour during the day." (R. 36-37.) Additionally, at the hearing, the ALJ specifically asked the VE to consider an individual who is "capable of light work who needs to be able to alternate at 30-minute intervals, sitting and standing as needed . . . ." (R. 18.)

In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. Hines, 453 F.3d at 566 (citing Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)). In Hines, the VE rendered an opinion that the claimant could work various jobs that assumed the claimant could work an eight-hour day, when the evidence of record was to the contrary. Plaintiff attempts to analogize the situation in Hines, however the present case is distinguishable because the substantial evidence in the record supports the ALJ's hypothetical.

An ALJ has great latitude in posing hypothetical questions as long as there is substantial evidence to support the ultimate question. Koonce v. Apfel, 166 F.3d 1209, *5 (4th Cir. 1999). The ALJ's hypothetical not only took into account the evidence of record which suggested that plaintiff could ambulate and sit and stand for short periods (R. 408, 519-521), but also plaintiff's testimony at the administrative hearing that he could sit or stand for about thirty (30) minutes at a time and lift

10

twenty (20) pounds. (R. 6-7). It is proper for an ALJ to craft a hypothetical that more closely fits the evidence of record rather than to what a claimant testifies. See Davis v. Apfel, 162 F.3d 1154, *2 (4th Cir. 1998). Therefore, the ALJ's hypothetical regarding alternating periods of sitting and standing more closely fit the evidence of record rather than plaintiff's testimony at hearing that he lays down frequently. (R. 14.) The objection is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 34), DENIES plaintiff's motion for judgment on the pleadings (DE # 30), and upholds the final decision of the Commissioner. The Clerk is directed to close this case.

SO ORDERED this the 29th day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge